UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SUZANNE ERICSSON,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES CITIZENSHIP AND** ) <br> **IMMIGRATION SERVICES,** ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:24-cv-00749-JEB |

## DECLARATION OF JAMES BAXLEY

I, JAMES BAXLEY, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury:

1. I am the Associate Center Director and Chief FOIA Officer in the Freedom of Information and Privacy Act (FOIA/PA) Unit, National Records Center (NRC), United States Citizenship and Immigration Services (USCIS), within the United States Department of Homeland Security (DHS), in Lee's Summit, Missouri. I have held the position as Associate Center Director since June 17, 2024. I previously served in the United States Department of the Army since 2001. During my service at the Department of the Army, I served as a legal advisor on FOIA/PA issues and held multiple supervisory and leadership positions, to include, most recently, serving as Director for the Staff Action Control Office from January 2013 through June 2024. I received my Juris Doctor from the University of Pittsburgh School of Law in 1993 and am currently an active member of the District of Columbia Bar.

2. As the FOIA Officer for USCIS, I oversee the NRC FOIA Significant Interest Group ("SIG"), responsible for processing FOIA requests subject to litigation as

    well as primarily non Alien-File ("A-file") FOIA requests, and the FOIA Policy and Training (POaT) Group, responsible for the development of USCIS FOIA policy and training within the FOIA program. In my position, I work with over 200 information access professionals who are responsible for the orderly processing of all public, congressional, judicial, and inter-/intra-agency requests or demands for access to USCIS records and information pursuant to the FOIA, Privacy Act, Executive Orders, departmental directives, regulations, and compulsory legal process.

3. Through the exercise of my official duties as Associate Center Director, I am familiar with USCIS's standard process for responding to FOIA requests.

4. I make this declaration in support of USCIS's Motion for Summary Judgement in the above-captioned action. The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by USCIS in the ordinary course of business, and information provided to me by other USCIS employees in the course of my official duties. This declaration provides a description of how USCIS received and processed Plaintiff's FOIA request.

## USCIS'S STANDARD FOIA OPERATING PROCEDURES

5. USCIS routinely and consistently processes FOIA requests in compliance with DHS implementing regulations found at 6 C.F.R. Part 5 and Management Directive No. 0460.1. Specifically, when the agency receives a FOIA request for information or documents in USCIS possession, the agency's standard procedure includes the

JAMES BAXLEY DECLARATION

following:[1]

a. after determining the nature, scope, and contours of a valid FOIA request, a preliminary search is conducted to locate potentially responsive records;

b. because FOIA requests are generally processed by the NRC on a first-in/first-out basis, the request is logged in the approximate order of its receipt into a computerized case tracking and retrieval system which automatically assigns a control number and tracks the file created;

c. an acknowledgement letter is contemporaneously mailed to the requester, advising of the control number, processing fee arrangement, processing options, and contact information, and addressing any collateral requests made by the requester;

d. if relevant records are in the possession of an office or agency other than the responding office, a request for the production of the records is sent to the records' custodian(s) for that office or agency;

e. during the course of processing, the FOIA request and any responsive records are subjected to rigorous analyses to arrive at the proper final agency determination; and finally;

f. the NRC sends its response to the requester, granting or denying, in whole or in part, access to requested records, and advising of any additional rights that may have vested in the requester by virtue of the final agency determination.

---

[1] DHS requirements for submitting a FOIA request for an individual's records include the following:

1. All FOIA requests must be submitted in writing and signed by the requester. 6 C.F.R. § 5.3(a).

2. If the requester seeks records about him/herself the requester must verify identity by submitting, in writing, a statement containing his/her full name, current address, date of birth and place of birth. This statement must be signed and the signature must either be notarized or submitted under 28 U.S.C. § 1746 (penalty of perjury in lieu of notarized signature). This signature must be submitted along with the FOIA request. 6 C.F.R. §§ 5.3(a), 5.21(d).

3. The FOIA request must describe the records that are being sought in sufficient detail to enable DHS personnel to locate them with a reasonable amount of effort. 6 C.F.R. § 5.3(b).

3

JAMES BAXLEY DECLARATION

6. Most of the FOIA/PA requests that USCIS receives seek immigration records located in an individual's Alien File (A-file). USCIS also receives a significant volume of requests seeking non A-file records, such as USCIS policy documents.

7. Occasionally, USCIS locates records responsive to FOIA requests in which another agency or agency component has a "substantial interest." As a practice, USCIS ordinarily refers those records to their originating agency so that the originating agency can make a direct response to the requester on those records. To foster efficiency and ensure consistency of responses, USCIS has executed Memorandum of Agreement (MOA) with a number of agencies and agency components that enable USCIS to directly process records originating from other agencies without referrals to the respective agencies.

8. USCIS has an MOA with the Department of State Bureau of Consular Affairs, Visa Office (VO), and the Department of State Bureau of Administration, Global Information Services, Information Programs and Services (IPS) to review and process visa-related documents that:

   a. originate from the Department of State;
   b. are contained in USCIS files, and
   c. are responsive to "such" FOIA requests.

9. As a result of the MOA, USCIS processes "under FOIA all DOS-originated visa records… in USCIS possession or control responsive to a FOIA request." The DOS and USCIS collaborate closely on a number of activities including the processing of non-immigrant visa petitions which inevitably leads to the exchange of records containing each agency's equities. If the withheld records originated from an agency that does not have an MOA with USCIS, the NRC would typically initiate either a consultation or a referral with that agency. However, the basis for withholding the records would remain the same. The MOA between USCIS and the Department of

4

JAMES BAXLEY DECLARATION

State permits USCIS to process Department of State records without requiring a referral or consultation with the Department of State. Importantly, the MOA does not alter the status of the records in USCIS's possession; it simply authorizes USCIS to process the records on the Department of State's behalf.

## USCIS'S SEARCH FOR RECORDS AND PROCESSING OF PLAINTIFF'S FOIA REQUEST

10. USCIS received a FOIA request from Plaintiff on September 27, 2023 requesting "all communications from the Department of State in connection with its return to USCIS of Plaintiff's L-1 petition #SRC2325250371." A copy of Plaintiff's FOIA request is attached as Exhibit A.

11. In response to Plaintiff's request, USCIS/NRC personnel determined that based on the information being sought, any responsive records would be located in the Agency's Southern Regional Center (SRC)- Texas Service Center (TSC). This determination was based on the fact that the case file associated with the petition case number provided by the requestor was located at the SRC/TSC and any such records requested would be located in this case file. No other record system was likely to produce responsive documents.

12. NRC staff ran computerized database searches in STACKS, an automated USCIS file system and web-based user interface application that enables access and a common view of the immigration records from a number of systems including the Immigrant Visa Content Service. The Immigrant Visa Content Service is an interface with the DOS for receiving digitized visa records.

13. When the location of the responsive records was determined, NRC staff scanned the records into the NRC's FOIA Immigration Records System (FIRST). FIRST is a computerized FOIA processing system that allows NRC staff to review records and

5

process FOIA requests electronically. Based on a review of the located records, USCIS/NRC personnel determined that the search was reasonably calculated to locate any responsive documents subject to the FOIA that are in USCIS's control.

14. In a letter dated November 2, 2023, USCIS advised the Plaintiff that it had completed its processing of the request and transmitted to Plaintiff all responsive, non-exempt records. Specifically, USCIS advised that it had identified 16 pages of responsive records and that it was releasing 13 pages in full and that it was withholding 3 (three) pages in full. USCIS advised Plaintiff that the information being withheld was exempt from release under FOIA exemption (b)(3) pursuant to 8 U.S.C. 1202(f) of the Immigration and Nationality Act. Further, the Plaintiff was advised of her right to administratively appeal the NRC's determination. *See* USCIS FOIA Final Action letter, Exhibit B.

15. In a letter dated December 14, 2023, Plaintiff administratively appealed the NRC's determination of November 2, 2023. Specifically, the only issue that Plaintiff raised in her administrative appeal was a challenge to USCIS's use of FOIA exemption (b)(3) to withhold 3 (three) pages of responsive records. *See* Plaintiff's Administrative Appeal letter, Exhibit C.

16. On January 12, 2024, the USCIS FOIA/PA Appeals Office sent a letter to Plaintiff concurring with the NRC's determination and asserting that the withheld records were protected from disclosure and not appropriate for discretionary release. *See* USCIS FOIA Appeal Final Action letter, Exhibit D.

**DESCRIPTION OF FREEDOM OF INFORMATION ACT EXEMPTIONS**

17. In responding to the FOIA request, USCIS withheld only 3 (three) pages of responsive records, which were withheld in full. These 3 (three) pages consist of a one-page DS-3099, a Department of State document titled "Non-Immigrant Visa Petition

6

Revocation Request Cover Sheet," and an attached two-page memorandum; all 3 (three) pages were prepared by a Department of State employee in its consideration of the L1 visa petition specified in the Plaintiff's FOIA request. Pursuant to a Memorandum of Agreement Between the Department of State and the Department of Homeland Security, visa data that is provided by Department of State under the MOA "constitute visa records of Department of State within the scope of INA 222(f)" and "must be treated in accordance with INA 222(f)… as determined by State." Additionally, the MOA provides that "DHS shall obtain State's consent before disclosing, reproducing, transmitting, or copying for disclosure a visa record (i.e. the full visa file of any individual), or any portion of information from a visa record (e.g., an individual field or data element from a visa record), adjudications, and statistics to parties outside DHS including, but not limited to, third parties, other U.S. Government Agencies/Offices, request from Congress, the Government Accountability Office, courts, and *FOIA*." (emphasis added). Additionally, in consulting with Department of State regarding this specific FOIA request and the 3 (three) pages of records at issue in this case, Department of State affirmed that these pages constitute Department of State records subject to INA 222(f) and the requirement within the MOA to obtain Department of State consent prior to disclosure under the FOIA. Specifically, the records were created by a Department of State employee and contain information pertaining to the Department of State consideration of the L1 visa petition identified in the Plaintiff's request. As discussed more fully below, the entirety of these 3 (three) pages are exempt from disclosure under 5 U.S.C. § 552 (b)(3). Additionally, these 3 (three) pages of records are further exempt from disclosure under 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) in full and in part.

## Exemption 3

18. 5 U.S.C. § 552(b)(3) states that the FOIA does not apply to matters that are:

    specifically exempted from disclosure by statute (other than section 552(b) of this title), if that statute-(A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

19. Section 222(f) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1202(f), states in pertinent part:

    The records of the Department of State and of diplomatic and consular offices of the United States <u>pertaining to the issuance or refusal of visas or permits to enter the United States</u> shall be considered confidential and shall be used only for the formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States, except that – (1) in the discretion of the Secretary of State certified copies of such records may be made available to a court which certifies that the information contained in such records is needed by the court in the interest of the ends of justice in a case pending before the court. (Emphasis added).

20. Section 222(f) of the INA qualifies as a withholding statute under FOIA Exemption (b)(3), 5 U.S.C. § 552(b)(3).[2] "Under section 222(f) the Secretary of State has no authority to disclose material to the public. In that sense the confidentiality mandate is absolute; *all* matters covered by the statute 'shall be considered confidential.'" *Medina-Hincapie v. Dep't of State*, 700 F.2d 737, 741 (D.C. Cir. 1983). Section 222(f) applies not only to the information supplied by the applicant seeking to enter the United States, but also applies to any "information revealing the thought-processes of those who rule on the application." *Id.* At 744. The three (3) pages at issue in this case that were withheld in full are Department of State records that pertain to the issuance or refusal of a visa to enter the United States, which is exempt from disclosure under Exemption 3 pursuant to INA § 222(f).

21. Please note that the Foreseeable harm standard under FOIA does not apply to

---

[2] *See Medina-Hincapie v. Dep't of State,* 700 F.2d 737, 741-42 (D.C. Cir. 1983); <u>see also</u> *Beltranena v. U.S. Dep't of State*, 821 F. Supp. 2d 167, 177 (D.D.C. 2011).

Exemption 3 which allows for withholding information specifically exempted from disclosure by statute. See §552(a)(8)(A)(i)(II).

**Exemption 5**

22. Exemption 5 of the FOIA protects "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested." *See* 5 U.S.C. § 552(b)(5). USCIS withheld certain information pursuant to the deliberative process privilege of Exemption 5.

23. The deliberative process privilege was invoked to protect Department of State decision-making process. The privilege was applied to documents reflecting recommendations and deliberations and were found to be pre-decisional following a review and determination that preceded an agency decision.

24. The assessment in the records reflects Department of State employee's analysis, opinions, deliberations, and recommendation regarding the applicant's eligibility for a visa. Specifically, some of the content reflects an analysis by the Department of State employee of certain documentary evidence presented by the Plaintiff and whether such evidence satisfies certain eligibility criteria, as well as analysis of other factors pertinent to the Plaintiff's eligibility.

25. Given that the assessment in the withheld records did not represent a final decision and that it reflects the analysis, opinions, deliberations and recommendations of the Department of State employee, as discussed above, we determined that releasing the withheld information would chill or deter Department of State employees from engaging in the candid and frank discussions that are so important and necessary to the full and proper analysis and fair consideration of petitions on the merits. Moreover, in addition to the significant and foreseeable harm presented by the chilling effect upon necessary, candid internal discussions, we also determined that revealing

the internal deliberations and analysis of Department of State employees could provide a bad actor with information that would allow them to tailor their petition in a favorable, but fraudulent, manner.

26. USCIS conducted a line-by-line review of the documents and determined that there is no meaningful, non-exempt information that could be reasonably segregated and released. For these reasons, we determined that release of the withheld information presented a foreseeable harm to the interests protected by the deliberative process privilege and FOIA exemption b(5).

**Exemption 6**

27. Exemption 6 of the FOIA protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *See* 5 U.S.C. § 552(b)(6).

28. Exemption 6 was invoked to withhold identifying information in records that related to a third-party individual who did not provide consent for release. The withheld information consists of a Department of State employee name that is not the subject of Plaintiff's FOIA request. There is a strong privacy interest in this material as the employee is involved in sensitive analysis and recommendation regarding Plaintiff's petition.[3] There is no public interest in this information as it does not in any way shed light on how the agency is performing its duties. Release of this information could reasonably be expected to harm the personal privacy of this individual, who are reasonably likely to face harassment for decisions they have made in individual visa cases or to be subject to pressure to make favorable decisions in future cases. Therefore, USCIS determined that disclosure of this information would constitute a clearly unwarranted invasion of personal privacy that is not outweighed by any public interest in the material.

---

[3] Seife v. U.S. Dep't of State, 366 F. Supp. 3d 592, 610-11 (S.D.N.Y. 2019).

## Exemption 7

29. Exemption 7 establishes a threshold requirement, which must be met in order for certain information in the records subject to this litigation to be withheld on the basis of subparts (b)(7)(C) and (b)(7)(E). Specifically, the withheld information at issue must be contained within a record compiled for a law enforcement purpose.

30. The information for which FOIA Exemption (b)(7) has been asserted in the instant matter satisfies this threshold requirement. Pursuant to the Immigration and Nationality Act (INA), codified under Title 8 of the U.S. Code, the Secretary of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens, subject to certain exceptions. *See* 8 U.S.C. § 1103. USCIS and Department of State have responsibility to enforce federal immigration law pursuant to the INA through its adjudications of applications and petitions submitted to USCIS and Department of State by individuals seeking immigration benefits from the United States government. Thus, these records were compiled for law enforcement purposes.

## Exemption 7(C)

31. Exemption 7(C) of the FOIA protects personal information in law enforcement records the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *See* 5 U.S.C. § 552(b)(7)(C).

32. USCIS invoked Exemption 7(C) to protect personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. This information pertains to the identity a Department of State employee assigned to law enforcement matters in the documents responsive to Plaintiff's FOIA request. Thus, there is a strong privacy interest in this material. There is no public interest in this information as it does not in any way shed light on how the agency is performing its duties. Additionally, disclosure of this information

11

could unnecessarily subject that individual to harassment or harm by individuals who disagree with DOS mission or activities. Therefore, USCIS determined that disclosure of this information would constitute a clearly unwarranted invasion of personal privacy that is not outweighed by any public interest in the material.

**Exemption 7(E)**

33. Exemption 7(E) protects law enforcement information which "would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions, if such disclosure could reasonably be expected to risk circumvention of the law. *See* 5 U.S.C. § 552(b)(7)(E).

34. USCIS withheld documents pursuant to Exemption 7(E) that contain law enforcement information which would disclose techniques and procedures for law enforcement investigations where such disclosure could reasonably be expected to risk circumvention of the law. The information withheld includes law enforcement systems checks. Even if the law enforcement procedure or technique was generally known, its specific use was withheld as disclosure of its specific use may reduce or nullify its existence. The release of this information could also reasonably be expected to allow a person circumvent detection or manipulate law enforcement sensitive information, in an attempt to sabotage Department of State operational activities. The disclosure of this information, which is not readily known by the public, would serve no public benefit and would not assist the public in understanding how the agency is executing its statutory responsibilities.

35.

**SEGREGABILITY ANALYSIS**

36. When reviewing the withheld record, USCIS conducted a segreability analysis. Because the records were withheld under 8 U.S.C. § 1202(f) as entirely exempt from disclosure, FOIA's segregation requirement is inapplicable as only "nonexempt information" may be segregated.[4] USCIS however considered whether any information could be segregated under other exemptions. Based on this review of the processed records, the agency determined that no segregation of meaningful information in the withheld documents described herein would be possible without disclosing information that warrants protection under the law as "they are inextricably intertwined with exempt portions."[5]

**FORESEEABLE HARM**

37. As previously stated, the Foreseeable harm standard under FOIA does not apply to Exemption 3 which allows for withholding of certain matters specifically exempted from disclosure by statute. *See* §552(a)(8)(A)(i)(II). Also as discussed above, given that the information sought relates to communications containing analysis, deliberations, opinions and recommendations of a Department of State employee, and it did not represent a final Agency decision, we determined that releasing the withheld information would chill or deter Department of State employees from engaging in the candid and frank discussions that are so important and necessary to the full and proper

---

[4] See §552(a)(8)(A) See §552(a)(8)(A), Surgick v. Cirella, No. 09-3807, 2012 WL 1067923, at *9 (D.N.J. Mar. 29, 2012)

[5] Krikorian v. Dep't of State, 984 F.2d 461, 466 (D.C. Cir. 1993), Mead Data Cent., Inc. v. United States Dep't of Air Force, 566 F.2d 242, 260 (D.C.Cir.1977)

13

analysis and fair consideration of visa petitions on the merits.

38. The withheld record contains assessments reflecting Department of State employee's analysis, opinions, deliberations, and recommendation regarding the applicant's eligibility for a visa. Specifically, some of the content reflects an analysis by the Department of State employee of certain documentary evidence presented by the Plaintiff and whether such evidence satisfies certain eligibility criteria, as well as analysis of other factors pertinent to the Plaintiff's eligibility. Moreover, in addition to the significant and foreseeable harm presented by the chilling effect upon necessary, candid internal discussions, we also determined that revealing the inter-agency deliberations and analysis of Department of State and USCIS employees could provide a bad actor with information that would allow them to tailor their Petitions in a favorable, but fraudulent, manner. For these reasons, we determined that release of the withheld information presented a foreseeable harm to the interests protected by the deliberative process privilege and FOIA exemption (b)(5).

39. Attached to this declaration is an index identifying and describing the withheld information, specifying the exemptions under which the information was withheld, and explaining how the exemptions apply to the information that was withheld. See *Vaughn* index, Exhibit E. I am familiar with the record described in the *Vaughn* index. It accurately describes the record and explains USCIS' proper assertion of the appropriate FOIA exemptions, including the foreseeable harm that would occur in each instance in which the USCIS would have discretion in the release of the information (i.e. material protected pursuant to the deliberative process privilege).

40. I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Executed in Denver, North Carolina, on this 12TH day of December 2024.

_____
JAMES BAXLEY
Associate Center Director and Chief FOIA Officer
Freedom of Information Act & Privacy Act Unit
USCIS National Records Center