# Exhibit E

SUZZANNE ERICSSON V. USCIS
CASE NO.: 1:24-CV-000749-JEB
VAUGHN INDEX

**NRC2023309361 (Plaintiff's FOIA request)**

| Number of pages withheld | Description of Document | Exemptions Cited 5 U.S.C. § 552 | Content of Withheld Portion and Reason for Withholding |
|---|---|---|---|
| 3 | Documents originating from the United States Department of State (DOS) consisting of a Non-Immigrant Visa Petition Revocation Request Cover Sheet form DS-3099 and attached Memorandum prepared by a DOS employee. | 552(b)(3) (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) | These documents pertain directly to the issuance or refusal of a visa to enter the United States because they contain information compiled and reviewed in connection with determining eligibility for a visa.<br><br>**Exemption 3**<br><br>These documents were withheld in full under FOIA Exemption 3, pursuant to § 222(f) of the Immigration and Nationality Act, 8 U.S.C. § 1202(f). Section 222(f) of the INA qualifies as a withholding statute under FOIA Exemption (b)(3). "Under section 222(f) the Secretary of State has no authority to disclose material to the public. In that sense the confidentiality mandate is absolute; all matters covered by the statute 'shall be considered confidential.'" Medina-Hincapie v. Dep't of State, 700 F.2d 737, 741 (D.C. Cir. 1983). Section 222(f) applies not only to the information supplied by the applicant seeking to enter the United States, but also applies to any "information revealing the thought-processes of those who rule on the application." Id. At 744. USCIS has withheld information originating from DOS that pertains to the issuance or refusal of a visa to enter the United States, which is exempt from disclosure under Exemption 3 pursuant to INA § 222(f).<br><br>**Exemption 5**<br><br>FOIA exemption (b)(5) exempts from mandatory disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. This exemption encompasses what is commonly referred to as the government's deliberative process privilege which shields from public disclosure government records demonstrated to be pre-decisional in nature, but do not constitute or reflect the whole of the agency's final determination on the matter or otherwise dispense with the issue under consideration in significant part. The general purpose of the exemption is to prevent injury to the quality of agency decisions. More specifically, three policy purposes constitute the basis for this |

1

SUZZANNE ERICSSON V. USCIS
CASE NO.: 1:24-CV-000749-JEB
VAUGHN INDEX

| | | | |
|---|---|---|---|
| | | | privilege: (a) to encourage open, frank discussions on matters of policy between subordinates and superiors; (b) to protect against premature disclosure of proposed policies before they are finally adopted; and (c) to protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action. The privilege protects not merely documents, but also the deliberative process itself where exposure of that process would result in harm. This document was withheld in part pursuant to FOIA exemption (b)(5). USCIS conducted a line-by-line review of the documents and determined that there is no meaningful, non-exempt information that could be reasonably segregated and released.<br><br>The memorandum contains assessments reflecting DOS employee's analysis, opinions, deliberations, and recommendation regarding the applicant's eligibility for a visa. Specifically, some of the content reflects an analysis by the DOS employee of certain documentary evidence presented by the Plaintiff and whether such evidence satisfies certain eligibility criteria, as well as analysis of other factors pertinent to the Plaintiff's eligibility.<br><br>Given that the assessment in the withheld records did not represent a final decision and that it reflects the analysis, opinions, deliberations and recommendations of the DOS employee, as discussed above, we determined that releasing the withheld information would chill or deter DOS employees from engaging in the candid and frank discussions that are so important and necessary to the full and proper analysis and fair consideration of petitions on the merits. Moreover, in addition to the significant and foreseeable harm presented by the chilling effect upon necessary, candid internal discussions, we also determined that revealing the internal deliberations and analysis of DOS employees could provide a bad actor with information that would allow them to tailor their petition in a favorable, but fraudulent, manner. For these reasons, we determined that release of the withheld information presented a foreseeable harm to the interests protected by the deliberative process privilege and FOIA exemption b(5).<br><br>**Exemption 6**<br><br>USCIS also withheld the name of a DOS employee pursuant to FOIA Exemption 6. Federal government employees involved in law enforcement by nature of their work, possess protectable privacy interests in their identities. USCIS withheld the name of this individual because release of this information could subject the person to harassment or unsolicited attention and would shed no light on the operations and activities of the U.S. Government. Release of this information reasonably could be expected to harm the personal privacy of this individual, who is reasonably likely to face harassment for decisions they have made in individual visa cases or to be subject to pressure to make favorable decisions in future cases. As a result, release of this information |

2

SUZZANNE ERICSSON V. USCIS
CASE NO.: 1:24-CV-000749-JEB
VAUGHN INDEX

|  |  |  | would constitute an unwarranted invasion of personal privacy, and any minimal public interest in the exact identity of the employee does not outweigh the potential harm in disclosure. **Exemption 7(C)** Exemption 7(C) of the FOIA protects personal information in law enforcement records the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Exemption (b)(7)(C) was applied to withhold the name of a DOS employee involved in the evaluation of Plaintiff's visa petition. The release of this information would identify this individual, and their involvement in evaluating this application could cause them to be the subject of harassment and intimidation by the public. Thus, the release of this information could reasonably be expected to constitute an unwarranted invasion of their personal privacy. Therefore, this information is exempt pursuant to Exemption (b)(7)(C). **Exemption 7(E)** Exemption 7(E) protects law enforcement information which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. These documents were also partially withheld under FOIA Exemption 7(E), as release would reveal information about law enforcement techniques used by DOS to assess an alien's eligibility for a visa. The Visa Services Directorate in the Department's Bureau of Consular Affairs ("CA/VO") and law enforcement components of other U.S. agencies compiled these documents for the law enforcement purpose of enforcing the Immigration and Nationality Act. Release of the information assist individuals seeking to circumvent the procedures used for adjudicating visas and would allow them to see which specific information is omitted from or included in the memorandum. Disclosure of this information could reasonably be expected to risk circumvention of the law. USCIS conducted a line-by-line review of the documents and determined that there is no meaningful, non-exempt information that could be reasonably segregated and released. |
|---|---|---|---|

3